**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Metro-West Appraisal Company LLC, | No. CV-19-01442-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Sun Point Appraisals Incorporated, | |
| Defendant. | |

Pending before the Court is Plaintiff Metro-West Appraisal Co., LLC's ("Metro-West") Motion to Amend Complaint (Doc. 68). Defendant Sun Point Appraisals, Inc. ("Sun Point") has filed a Response (Doc. 69), and Metro-West has filed a Reply (Doc. 70).[1]

**I.    Background**

Metro-West filed its original Complaint on March 1, 2019, against Sun Point (Doc. 1). Both companies provide competing real estate appraisal services. (*Id.* at ¶¶ 6–7, 13). According to the Complaint's allegations, Metro-West employed Cody Field ("Field") from October 2013 until May 2018. (*Id.* at ¶ 8). Field's employment contract with Metro-West contained non-compete and non-solicitation provisions and another stating that Field would remain subject to these provisions for nine months after terminating his employment. (*Id.* at ¶¶ 10–12). Metro-West alleges that in 2017 Sun Point asked Field for

---

[1] Sun Point requested oral argument in its Response. (Doc. 68 at 1). The Court denies the request because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b) (court may decide motions without oral hearings); LRCiv 7.2(f) (same).

a list of Metro-West's clients and paid Field to conduct appraisals. (*Id.* at ¶¶ 16–19). On May 4, 2017, Metro-West notified Sun Point that Field's activities violated his employment contract and requested that Sun Point cease and desist from further interference. (*Id.* at ¶ 20). A few days later, Metro-West terminated Field's employment. (*Id.* at ¶ 23). From May 4, 2017, until September 28, 2017, Metro-West alleges that Field performed over 250 appraisals for Metro-West's clients while receiving payment from Sun Point, despite the prohibitions against such activity in Field's employment contract. (*Id.* at ¶ 27).

Metro-West brings five claims against Sun Point. (*Id.* at ¶¶ 30–82). They include tortious interference with contractual relations, tortious interference with business expectancy and relationships, aiding and abetting tortious conduct, misappropriation of trade secrets, and violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq.*

On June 26, 2019, the Court issued a Rule 16 Scheduling Order ("Rule 16 Order") (Doc. 23). The Rule 16 Order stated that "[t]he deadline for joining parties, amending pleadings, and filing supplemental pleadings is **60 days** from the date of this Order." (*Id.* at 1) (emphasis in original). This August 25, 2019, deadline remained unchanged after the Court's subsequent Order granting stipulated amendments to the Rule 16 Order. (Doc. 47 at 1).

On August 14, 2020, Metro-West requested leave to amend its Complaint to add another claim for unjust enrichment pursuant to Rule 15 of the Federal Rules of Civil Procedure. (Doc. 68 at 1). The proposed amendment does not change any of the factual allegations from the original Complaint. (Doc. 68 at 10–22). Sun Point argues in its Response that Metro-West cannot claim unjust enrichment, an equitable remedy, because it has already claimed adequate remedies at law. (Doc. 69 at 1). In its Reply, Metro-West argues that plaintiffs may bring alternative claims even if they contradict others. (Doc. 70 at 2).

**II.   Analysis**

The deadline for amending pleadings was August 25, 2019. (Doc. 23 at 1). Metro-West filed its August 14, 2020, Motion to Amend nearly a year too late. In order to grant

the Motion, the Court would need to modify the Rule 16 Order. And, as stated in Rule 16(b)(4) of the Federal Rules of Civil Procedure, this modification requires good cause. Therefore, before reaching an evaluation of Metro-West's Motion under Rule 15, the Court must first determine whether Metro-West shows good cause under Rule 16.

Rule 16's good cause showing is more stringent than Rule 15's amendment procedure. "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16(b)(4)). If the party seeking to modify a scheduling order was not diligent, then the scheduling order may not be modified. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

Federal courts in Arizona and elsewhere in the Ninth Circuit have developed a three-part diligence inquiry specific to Rule 16. *Morgal v. Maricopa Cnty. Bd. of Sup'rs*, 284 F.R.D. 452, 460 (D. Ariz. June 6, 2012) (quoting *Grant v. United States*, 2011 WL 5554878, at *4 (E.D. Cal. Nov. 15, 2011), adopted by, 2012 WL 218959, at *1 (E.D. Cal. Jan. 23, 2012)); *see Upton v. Corizon Health Care Inc.*, 2018 WL 581274, at *3 (D. Ariz. Feb. 12, 2019). Under this inquiry, courts assess whether the movant (1) diligently assisted the court in creating a workable Rule 16 order; (2) requested to modify the Rule 16 order due to developments that were unforeseeable at the time the order was issued; and (3) was diligent in seeking to amend the Rule 16 order once it became apparent that the movant could not comply. *See Morgal*, 284 F.R.D. at 460 (quoting *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999)) (other citations omitted).

First, because there is very little disagreement in the Joint Case Management Report (Doc. 22), it appears that Metro-West cooperated effectively with Sun Point in developing the Rule 16 Order. However, Metro-West was given a chance in the Report to say whether it was considering amending its pleadings, and it did not do so. (*Id.* at 4). This gets to the second part of the inquiry. There are no new developments except for Metro-West's desire

to bolster its Complaint with an equitable claim. Metro-West could have foreseen that an extra equitable claim might strengthen its pleadings over a year ago when it was drafting the Joint Case Management Report. Metro-West claims it considered amending its Complaint in December 2019 and that the COVID-19 pandemic hampered its plans. (Doc. 68 at 4). But the pandemic cannot have been the reason Metro-West missed the August 2019 deadline established in the Rule 16 Order. Finally, Metro-West was not diligent in seeking to amend the Rule 16 Order. Nothing in Metro-West's briefing (or Sun Point's, for that matter) even acknowledges that the request to amend the pleadings is tardy.

Overall, Metro-West has not shown diligence in seeking to amend its pleadings. Without showing diligence, Metro-West has failed to show good cause. *See Johnson*, 975 F.2d at 609. And without good cause, the Court cannot modify the Rule 16 Order. Fed. R. Civ. P. 16(b)(4). Metro-West may not amend its pleadings.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Metro-West Appraisal Company LLC's Motion to Amend Complaint (Doc. 68) is **DENIED**.

Dated this 24th day of September, 2020.

Honorable Diane J. Humetewa
United States District Judge

- 4 -